# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY SMITH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　*Plaintiff*,<br><br>vs.<br><br>PRINX CHENGSHAN TIRE NORTH AMERICA INC.,<br>　　　　　　　　　　*Defendant*. | **Civil Action No.**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Gary Smith, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following for his Complaint against Defendant Prinx Chengshan Tire North America Inc. ("Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

## PRELIMINARY STATEMENT

1.　　Tire manufacturers have certain basic rules and duties they must follow. When a tire manufacturer sells a tire, it has a duty to ensure that the tire performs safely for its advertised use and is free from defects. When a manufacturer discovers a defect, it must disclose the defect, make it right, or cease selling the defective tire. When a tire manufacturer certifies that a tire meets certain safety standards, it must ensure the accuracy of that certification. This case arises from Defendant Prinx Chengshan Tire North America, Inc.'s breach of these listed duties and rules.

1

2. Plaintiff brings this action on behalf of themselves, and all similarly situated persons who purchased or used the following models of tires sold between August 24, 2020, to December 7, 2024 ("Class Tires"):

- Fortune Tormenta R/T FSR309
- Fortune Tormenta M/T FSR310
- Prinx HiCountry R/T HR1
- Prinx HiCountry M/T HM1

3. This action is brought to remedy various violations of law in connection with Defendant's manufacture, marketing, advertising, selling, and certification of the Class Tires.

4. Specifically, the Class Tires are defective in that they fail to meet the required North American snow traction standards despite being marked with the three-peak mountain snowflake symbol, a certification intended to signify compliance with the snow traction safety standards. This defect exposes users to increased risks of accidents, injuries, and fatalities in winter conditions ("Snow Traction Defect").

5. On December 20, 2024, Defendant recalled over 541,000 of the above referenced Class Tires ("Recall").

6. The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including analysis of publicly available information.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of

interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

8. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself to this District's jurisdiction and authority, given Defendant's minimum contacts within this District through Defendant's extensive marketing, advertising, and sale of Class Tires throughout this District.

9. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, given that Defendant sells and distributes their tires throughout the United States and within this District.

## PARTIES

10. Gary Smith is a citizen of the State of Alabama and resides in Forkland, Alabama. Forkland is located within Greene County, Alabama.

11. Defendant is a corporation organized and in existence under the laws of the State of California and registered to do business in the State of California. Defendant's principal place of business is located at 100 N. Barranca Street, Suite 1000 West Covina, California 91791.

12. Defendant designs, manufactures, markets, distributes, services, repairs, sells, and leases Tires, including the Class Tires, nationwide and in Alabama. Defendant is the warrantor and distributor of the Class Tires in the United States.

13. Defendant, through various entities, markets, distributes, warrants, and sells Tires, including the Class Tires, in multiple locations across the United States, including Alabama.

## FACTUAL ALLEGATIONS

14. Defendant, designed, manufactured, distributed, sold and leased the Class Tires and marketed them as suitable for severe snow conditions.

15. Plaintiff purchased the Class Tires during the recall period and suffered economic losses as a result of the defect.

16. The Class Tires were labeled with the three-peak mountain snowflake symbol, signifying compliance with North American snow traction standards.

17. Despite bearing the snowflake symbol, the Class Tires failed to meet the required snow traction performance standards, posing significant safety risks, including an increased likelihood of accidents and injuries during winter driving.

18. Consumers, including Plaintiffs and Class Members, relied on Defendant's false representations and purchased the tires, believing they were suitable for winter conditions.

19. Plaintiff and Class Members have suffered economic losses, paying a premium for tires that failed to meet advertised performance, resulting in diminished product utility.

20. The Class Tires were sold nationwide, including in Alabama, through various retail and online outlets.

21. On or around December 20, 2024, Defendant recalled over 541,000 Class Tires, acknowledging the defect but failing to provide an adequate remedy.

22. Despite the recall, consumers continue to face risks from the Class Tires, and the recall does not fully address the harm caused.

23. Plaintiffs and Class Members are entitled to compensation for the harm caused by the Class Tires, including physical injuries, property damage, and economic losses.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class is defined as follows:

> **Nationwide Class:** All persons in the United States who purchased or leased the Class Tires (Fortune Tormenta R/T FSR309, Fortune Tormenta M/T FSR310,

Prinx HiCountry R/T HR1, and Prinx HiCountry M/T HM) between August 24, 2020, and December 7, 2024.

25. The Nationwide Class will be referred to as the "Class". Members of the Class will be referred to as "Class Members".

26. Plaintiff qualifies as a member of the Proposed Class in the preceding paragraphs.

27. Excluded from the putative class are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

28. The proposed class definitions in ¶ 24 as limited by ¶ 27 may be amended or modified from time to time.

29. The members of the Nationwide Class are capable of being described without difficult managerial or administrative problems. The members of the putative class are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from public records.

30. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31. The Proposed Class is so numerous that the joinder of all members is impracticable.

32. This action has been brought and may be properly maintained on behalf of the class proposed herein under Federal Rule of Civil Procedure 23.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

33. Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and

obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

34. Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Class Tire that contained the same snow traction defect found in all other Class Tires.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

35. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action litigation, and he intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

**Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)**

36. A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members and questions of law and fact common to all Class Members predominate over questions affecting only individual Class Members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources including those from the state of California.

**Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)**

37. Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

   a. Whether Class Tires contain the alleged Snow Traction Defect;

    b. Whether the Snow Traction Defect would be considered material by a reasonable consumer;

    c. Whether the Snow Traction Defect would constitute an unreasonable safety risk;

    d. Whether Defendant had a duty to disclose the Snow Traction Defect to Plaintiff and other Class Members;

    e. Whether Defendant knew or reasonably should have known of the Snow Traction Defect before it sold and leased Class Tires to Plaintiff and Class Members;

    f. Whether the Snow Traction Defect has diminished the value of the Class Tires;

    g. Whether the Snow Traction Defect is capable of being repaired;

    h. Whether Defendant should be declared financially responsible for notifying all Class Members of the problems with the Class Tires and for the costs and expenses of repairing, replacing, or otherwise remedying the Snow Traction Defect;

    i. Whether Defendant is obligated to inform Class Members of their right to seek reimbursement for having paid to diagnose, repair, or replace their defective tires;

    j. Whether Defendant breached the implied warranty of merchantability pursuant to state law and/or the UCC;

    k. Whether Defendant is liable for fraudulent omission;

    l. Whether Defendant was unjustly enriched;

    m. Whether Plaintiff and the other Class Members are entitled to damages and other monetary relief.

## CAUSES OF ACTION

### COUNT I
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

38. Plaintiff incorporates Paragraphs 1-37 as if fully set forth herein.

39. Plaintiff brings this count on behalf of himself and the Class.

40. Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Class Tires.

41. The Class Tires are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Class Tires, as goods, were purchased.

7

42. Defendant entered into agreements with consumers like Plaintiff, to sell the Class Tires to be used by Plaintiff and Class Members for personal use.

43. The implied warranty of merchantability included with the sale of each Class Tire means that Defendant guaranteed that the Class Tires would be fit for the ordinary purposes for which tires are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, Plaintiff, and the Class Members.

44. Defendant breached the implied warranty of merchantability because the Class Tires are not fit for their ordinary purpose of providing reasonably reliable and safe operation. After all, Defendant did not indicate that the Class Tires would contain the Snow Traction Defect.

45. Given that Plaintiff and Class Members are unable to safely use the Class Tires without risk of accident and injury during winter driving the Class tires are not fit for their particular purpose of personal operation and usage. Defendant's Recall does nothing to truly address this risk, given that there is no explanation on the cause of the Defect.

46. Defendant's warranty expressly applies to the purchaser of the Class Tires, creating privity between Defendant and Plaintiff and Class Members.

47. Privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

48. Defendant provided sufficient notice of its breaches of implied warranties associated with the Class Tires. Defendant was put on actual notice of its breach through the contract between Plaintiff and Class Members and Defendant, and its review of consumer complaints.

49. Had Plaintiff, Class Members, and the consuming public known that the Class Tires would not be provided with proper snow traction, they would not have purchased the Class Tires or would have paid less for them. To reiterate, had Plaintiff and Class Members known of the Snow Traction defect they would not have purchased the Class Tires.

50. As a direct and proximate result of the foregoing, Plaintiff and the Class suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

51. Plaintiff suffered injury in that he purchased a tire that is worthless and unsafe for personal use.

52. Plaintiff also suffered economic loss in reference to the value of his tires.

53. Plaintiff has suffered damages because Plaintiff has been inconvenienced by Defendant's Recall and accompanying required repairs or replacements. Plaintiff will spend hours tending to Defendant's Recall. Had Defendant produced tires that was roadworthy and reliable, Plaintiff would not have had to spend hours of his life tending to this Recall. Plaintiff did not bargain for, or pay for tires with a hazardous Snow Traction Defect.

## COUNT II
## UNJUST ENRICHMENT

54. Plaintiff incorporates paragraphs 1-37 as if fully set forth herein.

55. Plaintiff brings this count on behalf of himself and the Class.

56. Plaintiff, and the other members of the Class, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Class Tires.

57. Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

58. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the Class Tires under the guise that they conformed to the applicable snow traction standards, and providing tires that did not, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

59. The circumstances, as described herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

60. Defendant manufactured, marketed, and sold the Class Tires under the guise of them being safe, operable, and suitable for winter use. Specifically, the Class Tires were labeled with the three-peak mountain snowflake symbol, signifying compliance with North American snow traction standards. Despite bearing the snowflake symbol, Defendant sold tires that failed to meet the required snow traction performance standards, posing significant safety risks, including an increased likelihood of accidents and injuries during winter driving.

61. Plaintiff and members of the Class have been injured by reason of this unjust enrichment. Plaintiff has no adequate remedy at law.

62. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for its unjust enrichment, as ordered by the Court.

## COUNT III
## STRICT LIABILTY: DESIGN DEFECT

63. Plaintiff incorporates paragraphs 1-37 as if fully set forth herein.

64. At all times relevant, Defendant was engaged in the business of designing, manufacturing, marketing, testing, selling, distributing, and supplying the Class Tires and

otherwise placed the Class Tires in the market and stream of commerce for sale to the consuming public.

65. Plaintiff and Class Members used the Class Tires in a reasonably foreseeable manner.

66. At all times, Defendant held final design approval authority for the subject Class Tires.

67. The Class Tires' design is excessively dangerous. The risk of danger inherent in the Class Tires design and manufacture outweighs any benefit of the design.

68. Defendant knew or should have known that Plaintiff and the Class Members would purchase and use the Class Tires without inspection for defect.

69. As a direct and proximate result of Defendant's conduct, including actions, omissions, and misrepresentations, Plaintiff and the Class have sustained damages:

    a. Economic damages due to this Defect as they are now stuck with Class Tires that are unsafe and relatively worthless when compared to the purchase price; and

    b. Noneconomic damages including emotional distress, inconvenience, loss of enjoyment, past and future.

**COUNT IV**
**STRICT LIABILTY: MANUFACTURING DEFECT**

70. Plaintiff incorporates paragraphs 1-37 as if fully set forth herein.

71. This Count is pled in the alternative to the above Count of design defect.

72. At all times relevant, Defendant was engaged in the business of designing, manufacturing, marketing, testing, selling, distributing, and supplying the Class Tires and otherwise placed the Class Tires in the market and stream of commerce for sale to the consuming public.

73. The Class Tires presumably are capable of safe operation during the winter as Defendant produces many other Tires that are capable of such safety and adequate operation. Unfortunately, this presumption is not reality.

74. Plaintiff and Class Members used the Class Tires in a reasonably foreseeable manner.

75. At all times, Defendant held final manufacturing approval and authority for the subject Class Tires.

76. The Class Tires contain a defect, as discussed earlier, in that they failed to meet the requires snow traction performance standards, posing significant safety risks, including an increased likelihood of accidents and injuries during winter driving. This failure deviates from the adequate design. But for the improper manufacturing of the Class Tires, the Class Tires would meet the required snow traction performance standard and be fit for its intended use.

77. Despite bearing the snowflake symbol, the Class Tires fail to meet the required snow traction performance standards, posing significant safety risks, including an increased likelihood of accidents and injuries during winter driving.

78. The Class Tires' design is excessively dangerous. The risk of danger inherent in the Class Tires design and manufacture outweighs any benefit of the design.

79. Defendant knew or should have known that Plaintiff and the Class Members would purchase and use the Class Tires without inspection for defect.

80. As a result of this faulty manufacturing, the Class Tires are now relatively worthless when compared to their original purchase price and relative value and are unsafe.

81. Given the loss of value and lack of safety, Plaintiff and the Class Members have been damaged and will continue to suffer damages.

## COUNT V
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. § 2301 *ET SEQ.*)

82. Plaintiff incorporates paragraphs 1-37 as if fully set forth herein.

83. Plaintiff brings this Count individually and on behalf of the Class.

84. Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ET SEQ ("MMWA").

85. Defendant is a "supplier" and "warrantor" within the meaning of the MMWA.

86. The Class Tires are "consumer products" within the meaning of the MMWA.

87. 15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

88. Defendant's express warranties are written warranties within the meaning of the MMWA.

89. Defendant breached its warranties by offering for sale and selling the Class Tires, which were by design and construction defective and unsafe due to the Snow Traction Defect and subsequent Recall. Defendant's actions subjected Plaintiff and the Class to danger as well as monetary damages in that the Class Tires are inherently worth less compared to their value had the Class Tires been free of the Snow Traction Defect.

90. Additionally, Plaintiff and the Class Members suffered damages in that they have been greatly inconvenienced by this Recall and Defect as Plaintiff and the Class Members have had to collectively spend thousands of hours and thousands of dollars in time and costs related to repairing the Snow Traction Defect.

91. Defendant has breached and continues to breach its written and implied warranties of safety and reliability, thereby damaging Plaintiff and the Class, when the Class Tires fail to perform due to the Snow Traction Defect.

92. As a result of these breaches, Plaintiff and Class Members have suffered damages.

93. Plaintiff and Class Members seek full compensatory, punitive, and consequential damages as allowed by law, and any other relief to which Plaintiff and the Class may be entitled.

94. Plaintiff and Class Members suffered injury through Defendant's conduct in that Plaintiff and the Class are now owners of Tires that are worth significantly less, given the Snow Traction Defect and the notoriety therein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and members of the Class, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Class Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Scheduling a trial by jury in this action;

E. Awarding pre- and post-judgment interest on any amounts awarded, as permitted by law;

F. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

G. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: January 10, 2025

/s/ Stuart A. Carpey
**STUART A. CARPEY**
Carpey Law, PC
600 W. Germantown Pike
Suite 400
Plymouth Meeting, PA 19462
610-834-6030
Fax: 610-825-7579
Email: scarpey@carpeylaw.com

-AND-

Paul J. Doolittle, Esq.*
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
        cmad@poulinwilley.com

*Attorneys for Plaintiff Gary Smith*

*\*Pro Hac Vice forthcoming*

15